IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STERLING SAVINGS BANK, a
Washington stock savings bank,

        Plaintiff,                              No. 3:11-cv-1490-HZ

      v.

THE DALTON COMPANY, LLC, an
inactive Oregon limited liability                      ORDER
company, STEVEN D. DALTON, and
DANA DALTON,

        Defendants..

HERNANDEZ, District Judge:

    Plaintiff Sterling Savings Bank moves for an order of default and for entry of default judgment. Although the motion is well-supported, the amount plaintiff seeks for postjudgment interest is contrary to the amount provided for in 28 U.S.C. § 1961 and thus, I deny plaintiff's motion for entry of default judgment in part.

1 - ORDER

Plaintiff seeks postjudgment interest "at the contract rate of $12.44 per day from January 18, 2012 until paid[.]" Proposed Jdgmt at p. 1. Although plaintiff does not explain how it arrived at the $12.44 per day figure, I assume it is based on the interest rate contained in the Promissory Note, attached as Exhibit 1 to the Declaration of Jason Delp, filed in support of plaintiff's motion. The Promissory Note provides for a variable interest rate based on the "Wall Street Journal Prime Rate." Ex. 1 to Delp Decl. at p. 1. The Promissory Note also contains a provision requiring a five-percent increase in the interest rate provided in the "Wall Street Journal Prime Rate," in the event of default. Id.

Postjudgment interest is governed by 28 U.S.C. § 1961. E.g., In re Cardelucci, 285 F.3d 1231, 1235 (9th Cir. 2002) ("award of post-judgment interest is procedural in nature and thereby dictated by federal law"); Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998) ("[a]s a general rule, in diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law") (internal quotation omitted).

The Ninth Circuit recognizes an exception to the postjudgment interest rate prescribed in section 1961 "when the parties contractually agree to waive its application." Fidelity Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004) (citing Citicorp, 155 F.3d at 1107-08). Waiver will be found where the contract terms indicate a mutual intent by the parties to have postjudgment interest calculated at the contract interest rate rather than the federal rate. Citicorp, 155 F.3d at 1108.

In the instant case, the language of the Promissory Note generally describes the interest rate and provides for an increase in the rate in the event of default. This does not make clear that the parties intended to waive the governing federal postjudgment interest rate. See Cataphora,

2 - ORDER

Inc. v. Parker, No. C09-5749 BZ, 2012 WL 13657, at *7 (N.D. Cal. Jan. 4, 2012) (rejecting argument that contractual rate instead of federal rate applied when the "contractual provision upon which Plaintiff relies is a provision for interest in the event of a late payment - not a provision that expressly states that the parties agreed to a specified prejudgment or postjudgment interest rate in the event of a dispute arising out of the contract, nor is it one that clearly expresses the parties' intent to 'contract around' section 1961."). Without a valid waiver, the federal rate in section 1961 applies.

## CONCLUSION

Plaintiff's motion for order of default and entry of default judgment [#8] is granted except as to the amount of postjudgment interest. Plaintiff shall resubmit a proposed judgment in conformity with this Order.

IT IS SO ORDERED.

Dated this    7th    day of    February    , 2012

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge